**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COURTNEY MOTLEY,<br>Plaintiff,<br>v.<br>J. MANZANEDO, et al.,<br>Defendants. | Case No. 2:25-cv-01160-GMN-MDC<br>**ORDER SCREENING SECOND AMENDED COMPLAINT AND DISMISSING DUPLICATIVE CASE** |

Plaintiff Courtney Motley, who is incarcerated in the custody of the Nevada Department of Corrections, has submitted a pro se civil-rights complaint under 42 U.S.C. § 1983 and filed an application to proceed *in forma pauperis*. (ECF Nos. 1-1, 1). Motley submitted first and second amended complaints. (ECF Nos. 3, 4). Because an amended complaint replaces the pleading before it, *see Hal Roach Studios, Inc. v. Richard Feiner and Co, Inc.*, 896 F.2d 1542, 1546 (1989), this Court dismisses Motley's original and amended complaints without prejudice as superseded by his second amended complaint ("SAC"). (ECF No. 4). Motley also moves for leave to consolidate this case with his earlier action: *Motley v. Silva*, Case No. 2:23-cv-00624-RFB-BNW (D. Nev. filed April 21, 2023) ("*Motley 1*"). (ECF No. 6). The Court now screens Motley's SAC under 28 U.S.C. § 1915A; it dismisses this action without prejudice as duplicative of Motley's earlier, consolidated lawsuits; and it denies Motley's application for pauper status and motion to consolidate.

## I. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.*

§§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious;" "fails to state a claim on which relief may be granted;" "or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (cleaned up). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995), *superseded on other grounds by* 28 U.S.C. § 1915(e).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if the plaintiff clearly cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9

(1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels, conclusions, or a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A reviewing court should "begin by identifying [allegations] that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist, as well as claims based on fanciful factual allegations, like fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989), *superseded on other grounds by* 28 U.S.C. § 1915(e); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF SAC

### A. Factual Allegations

When Motley was arrested on August 18, 2021, his criminal charges included two counts of lewdness, one count of sexual assault, one count of home invasion, one count of buying and selling stolen property, and two counts of strangulation. (ECF No. 4 at 3). These charges were dismissed while others proceeded. (*Id.* at 3, 6, 10). Police officers Carlos Silva, Jesus Manzanedo, and B. VanDyke all stated that Motley was seen jumping over a wall after being lewd in public,

and that his knife was used in an assault. (*Id.*) Motley's knife doesn't match the victim's description of the weapon and there was no evidence of injuries from a cutting weapon. (*Id.*)

Motley was never charged with obstructing justice. (*Id.*) Police officers Silva and J. Manzanedo did not have body-camera footage to prove Motley was trying to flee or trying to dress himself in public. (*Id.*) Police officer Erica Nogle's arrest report stated that Motley was charged with lewdness, sexual assault, home invasion, buying and selling stolen property, and strangulation. (*Id.* at 4). The report was "published." (*Id.*) The officers said they had probable cause and a search warrant, but these charges were dismissed. (*Id.*)

**B. Analysis of Claims**

Based on these allegations, Motley sues J. Manzanedo, Carlos Silva, B. VanDyke, and Erica Nogle. (*Id.* at 1–2). He brings one claim titled "fraud as it is intentional deception [and] misrepresentation of the evidence." (*Id.* at 3). He seeks monetary and injunctive relief. (*Id.* at 5). Generously construed, the Complaint brings a claim under the Fourth Amendment for malicious prosecution, which the Supreme Court has explained is "a type of unreasonable seizure—an arrest and detention of a person based on a criminal charge lacking probable cause." *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 562 (2024).

As Motley's motion to consolidate hints, this action is the fourth of at least five lawsuits that he's filed arising from his August 2021 arrest and subsequent criminal proceedings. *See Motley 1*, Complaint, ECF No. 1; *Motley v. Silva*, Case No. 2:24-cv-00735-RFB-BNW (D. Nev. filed April 15, 2024) ("*Motley* 2"), Complaint, ECF No. 4; *Motley v. Vandyke*, Case No. 2:24-cv-00981-RFB-BNW (D. Nev. filed May 24, 2024) ("*Motley 3*"), Complaint, ECF No. 1-1; and *Motley v. State of Nevada*, Case No. 2:25-cv-02290-JAD-MDC (D. Nev. filed November 17, 2025) ("*Motley 5*"), Amended Complaint, ECF No. 10. *Motley 2* and *Motley 3* were consolidated into *Motley 1*.

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dept. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008), (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)); *see also Smith v. Lemon*, 442 F.2d 1195 (9th Cir. 1971) (affirming dismissal on res judicata grounds of third complaint by prisoner about personal injury sustained working in prison textile mill after original lawsuit was dismissed with prejudice). District courts have "discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 F.3d at 688. In determining whether litigation is duplicative, courts generally "examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689. Additionally, duplicative litigation by a plaintiff proceeding *in forma pauperis* may be dismissed as malicious under 28 U.S.C. § 1915(e) and constitute a strike under the PLRA. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (collecting cases).

The parties, cause of action, and relief sought in this lawsuit are the same that Motley is pursuing in his earlier filed, consolidated *Motley 1* action. Framed by the Court as a Fourth Amendment false-arrest claim, Claim 1 in *Motley 1* contends that Silva and Nogle lacked probable cause or a warrant to search and arrest him on August 18, 2021, and "all charges [were] dismissed for lack of evidence." *Motley 1*, ECF Nos. 5 at 3 (operative complaint), 53 at 2 (screening and omnibus order on consolidated cases). He seeks monetary relief in his first lawsuit about these events. *Id.*, ECF No. 5 at 16. Framed by the Court as a Fourth Amendment unreasonable-search-and-seizure claim, Claim 1 in *Motley* 2 contends that Silva and Manzanedo used "intentional deception" and lies, stating that he was lewd in public, seen jumping a wall while dressing himself, but lacked probable cause or a search warrant on August 18, 2021, and the charge was dismissed. *Motley 2*, ECF No. 4 at 3 (operative complaint); *Motley 1*, ECF No. 53. Motley seeks monetary

and injunctive relief in his second lawsuit about these events. *Motley 2*, ECF No. 4 at 27. Couched by the Court as a Fourth Amendment unreasonable-search-and-seizure claim, Claim 1 in *Motley 3* contends that VanDyke searched him without a warrant or probable cause on August 18, 2021, used deception and lied saying he was lewd in public and jumped a wall, but charges for lewdness, buying and selling stolen property, and home invasion were dismissed. *Motley 3*, ECF No. 1-1 at 3 (operative complaint); *Motley 1*, ECF No. 53 at 4. Motley seeks monetary and injunctive relief in his third lawsuit about these events. *Motley 3*, ECF No. 1-1 at 6.

As outlined above, Motley has an extensive litigation history regarding his August 2021 arrest and resulting state criminal proceedings. After Motley filed this lawsuit about the same events, he stipulated to dismiss with prejudice his false arrest claim against Silva and Nogle in his first lawsuit. *Motley 1*, ECF No. 123 (stipulation and order dismissing with prejudice first, second, ninth, and eleventh claims). Considering the foregoing, in light of this Court's heavy docket, and to avoid the confusion and needless duplication of effort that often arises from duplicative lawsuits, the Court finds that dismissal is the proper remedy. If Motley wishes to pursue claims on these recycled facts, he must do so in his earlier filed, consolidated *Motley 1* lawsuit. And Motley is cautioned that future duplicative lawsuits might be dismissed as frivolous and count as a strike under the PLRA.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that the plaintiff's original Complaint (ECF No. 1-1) and First Amended Complaint (ECF No. 3) are **DISMISSED without prejudice** as superseded by his Second Amended Complaint.

It is further ordered that the plaintiff's Second Amended Complaint (ECF No. 4) is his operative pleading.

It is further ordered that this action is **DISMISSED without prejudice as duplicative** of the plaintiff's earlier filed, consolidated action, which is styled as *Motley v. Silva*, Case No. 2:23-cv-00624-RFB-BNW (D. Nev. filed April 21, 2023).

It is further ordered that the plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) and Motion to Consolidate (ECF No. 6) are **DENIED**.

The Court kindly directs the Clerk of Court to enter judgment accordingly and close this case.

**DATED** this 18 day of August, 2026.

Gloria M. Navarro, District Judge
United States District Court